IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| EUGENE FULLWOOD AND MARY LETHA FULLWOOD | § § § § | |
| v. | § § § | CIVIL ACTION NO. 1:09-CV-225-C |
| CAPITAL ONE SERVICES, L.L.C. | § § § | |

## CAPITAL ONE'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Capital One Bank (USA), N.A.. ("Capital One"), incorrectly named in the State Court Petition as Capital One Services, L.L.C., moves to dismiss Plaintiffs' Original Petition pursuant to Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure and, in support thereof, respectfully shows as follows:

## FACTUAL BACKGROUND

This dispute arises out of the Plaintiffs' use of a Capital One credit card account bearing 3954 as the last four digits of the account number (the "Account"). Plaintiffs allege on February 16, 2005, they sent a check to Capital One for $1,252.84 as payment in full on the Account. *See* Petition ¶ 7 and Petition Exhibit A [Doc. 1]. Thereafter, Capital One is alleged to have continued collection attempts on the subject account in that it "failed to halt collection efforts by reporting the account as past due to the major credit reporting bureaus." *See* Petition ¶ 11 and Petition Exhibit D at 9. Plaintiffs allege damages "as a result of Capital One's refusal to report the settlement on Capital One account numbered []3954." Petition ¶ 12 (full account number redacted). It is on these allegations that Plaintiffs sued Capital One under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Texas Debt Collection Practices Act, Tex. Fin. Code. § 391.001 et seq. ("TDCPA"), and for breach of contract, for

which they request a variety of damages. Plaintiffs also request a declaratory judgment that they paid their debt in full and that any negative notations on the Plaintiffs' credit reports be removed. *See* Petition at 7.

Plaintiffs instituted this suit against Capital One Services, L.L.C. *See generally* Petition. However, Capital One Services, L.L.C. is not responsible for the Plaintiffs' credit card account. Instead, Plaintiffs' credit card account falls under the ownership of Capital One Bank (USA), N.A. ("Capital One"). *See* Affidavit of Karen Raugh at ¶ 2 (attached as Exhibit A). Plaintiffs served Capital One Services, L.L.C. on November 13, 2009, and because Capital One is the entity responsible for the account, it removed this case to this court on December 7, 2009 pursuant to 28 U.S.C. § 1331. Capital One now files this Motion to Dismiss.

## SUMMARY OF ARGUMENT

Capital One moves to dismiss this action pursuant to Rules 12(b)(4), (5), and (6). First, Plaintiff sued Capital One Services, L.L.C., which is not responsible for the account in question. Because Plaintiff has failed to serve Capital One Bank (USA), N.A. in connection with the Account, service of process is defective under Rules 12(b)(4) and (5), and this matter should be dismissed or, alternatively, stayed until proper service can be had in accordance with the Federal Rules. Next, Plaintiffs' claims must be dismissed pursuant to Rule 12(b)(6) because the documents attached to the Petition contradict the Plaintiffs' claims, foreclosing their claim for relief. Next, Plaintiffs' claims are barred under the applicable statute of limitations. Finally, the Petition fails to plead sufficient facts to state a claim in that it contains bland, conclusory allegations that lack requisite facts necessary to state a claim. Accordingly, Capital One asks this court to dismiss the Plaintiffs' Petition.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The factual allegations must "raise a reasonable expectation that discovery will reveal evidence" of liability. *Twombly*, 550 U.S. at 556. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50.

## ARGUMENT AND AUTHORITIES

### I.    Plaintiffs Attempted Service of Process Is Improper

Plaintiffs must serve the proper entity with service of process in order to institute a suit. *See generally* Rule 4. Otherwise, the answering defendant may issue a challenge pursuant to Rules 12(b)(4) or (5).[1] *See generally* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 1353 ("[T]he form of the process could be challenged under Rule 12(b)(4) on the

---

[1] Recognizing that courts have struggled with the question of whether a challenge of failure to serve a proper party should be characterized as a motion under Rule 12(b)(4) or (5), *see, e.g., Shivers v. Akima Intra-Data*, No. 2:07-CV-55KS-MTP, 2008 U.S. Dist. LEXIS 66788, at *6-9 (S.D. Miss. Aug. 21, 2008), Capital One moves under both rules so as not to waive any argument it may have concerning dismissal for Plaintiffs' service of the wrong entity because it moved under the wrong rule.

theory that the summons does not properly contain the names of the parties . . . . An appropriate objection under Rule 12(b)(5) would be the nonreceipt by the defendant of a summons, the absence of an agency relationship between the recipient of process and the defendant, a lack of notice to the defendant when service is delivered to a third party under a federal or state statute, or any other failure to comply with the procedural requirements in the applicable service provisions.") (internal citations omitted).

Plaintiffs served Capital One Services, L.L.C. with citation and process in connection with this cause. *See generally* Notice of Removal [Doc. 1] at 32 (Affidavit of Service). However, Capital One Services, L.L.C. is not responsible for the Account. Rather, Capital One Bank (USA), N.A. ("Capital One") is responsible for the account in question. *See* Exhibit A at ¶ 2. Because the entity responsible for the account in question, Capital One, has not been served with process, dismissal is proper pursuant to Rules 12(b)(4) and (5).

## II.    Plaintiffs' Claims are Barred under the applicable Statute of Limitations

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing, under Rule 12(b)(6), a claim as time barred where the claim was clearly filed after the applicable statute of limitations had run and where it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule). Plaintiffs sue Capital One under the FDCPA, TDCPA, and for breach of contract. *See generally* Petition at 2-4. However, each of the Plaintiffs' causes of action are tardy under the applicable statute of limitations.

### A.    Fair Debt Collection Practices Act

Claims under the FDCPA must be brought within one year of the date that the violation occurs. *See* 15 U.S.C. § 1692k(d). Additionally, the statute of limitations is not extended by waiver or tolling. *See, e.g., Byes v. Accelerated Cash Flow, Inc.,* No. 95-200, 1996 U.S. Dist. LEXIS 8790, at *6 (E.D. La. June 18, 1996) ("The FDCPA claim against ARM was brought after the limitations period in § 1692k(d) had expired. There is no applicable federal provision for tolling of this limitation period."); *Dixon v. Law Offices of Peter E. Meltzer & Assocs., P.C.,* No. 06-148, 2007 U.S. Dist. LEXIS 6199, at *7 (E.D. Pa. Jan. 26, 2007). Because Plaintiffs' claims are based on Capital One's alleged continued reporting of a debt on the Plaintiffs' credit report even after payment was made, it necessarily follows that Plaintiffs were or should have been aware of the existence of inaccurate information at the time they made payment, or February 16, 2005. Accordingly,. the statute of limitations must run from the date of payment.

In the Petition, Plaintiffs plead that they made payment to Capital One through its alleged agent on February 16, 2005. *See* Petition ¶ 7. Accordingly, any dispute must have been brought within one year of that date. Plaintiffs do not contend in their Petition that any action took place during the one-year period preceding the date of the Petition. Accordingly, Plaintiffs' claims under the FDCPA must be dismissed because limitations have long expired.

      B.    Texas Debt Collection Practices Act

Texas recognizes a two-year statute of limitations for unfair debt collection practices. *See Duzich v. Marine Ofc. of Am. Corp.,* 980 S.W.2d 857, 872 (Tex. App. -- Corpus Christi 1998, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003. Because Plaintiffs' claims are based on Capital One's alleged continued reporting of a debt on the Plaintiffs' credit report even after payment was made, it necessarily follows that Plaintiffs were or should have been aware of the existence of inaccurate information at the time they made the payment on the

Account, or February 16, 2005. *See* Petition ¶ 7. Accordingly, any suit must have been brought within two years from the date of payment of the check. Nevertheless, Plaintiffs' Petition alleges no actions taken by Capital One during the two year period preceding the date of the Petition. Accordingly, Plaintiffs' TDCPA claim must be dismissed on this basis.

C.   Breach of Contract

Finally, Plaintiffs bring a breach of contract action against Capital One arising out of the same February 16, 2005 payment and Capital One's alleged continued reporting of the debt as past due on the Plaintiffs' credit report. Texas recognizes a four-year statute of limitations for breach of contract actions. *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *see also* TEX. CIV. PRAC. & REM. CODE § 16.051. Because Plaintiffs' claims are based on Capital One's alleged continued reporting of a debt on the Plaintiffs' credit report even after payment was made, it necessarily follows that Plaintiffs were or should have been aware of the existence of inaccurate information at the time they made the payment on the Account, or February 16, 2005, and the Petition fails to allege that any breach occurred on a different date. Accordingly, the Plaintiffs' statute of limitations would have expired on February 16, 2009. Because Plaintiffs' breach of contract action is time barred, this court must similarly dismiss it.

D.   Declaratory Judgment Action

Because no actual controversy exists between the parties, Capital One similarly asks that the court dismiss Plaintiffs' declaratory judgment action. *See, e.g., Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Even if this matter were not barred by limitations, this action involves issues that are already pending in the same suit and declaratory relief is unnecessary. Accordingly, a declaratory judgment action is improper and should be dismissed. *See, e.g., BHP Pet. Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990).

### III. Plaintiffs' Petition Fails to State a Claim

As noted above, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Id.* at 1949-50.

The exhibits Plaintiffs attach to the Petition actually contradict the Plaintiffs' claims and demonstrate that a settlement was reported on the Account. Moreover, much of Plaintiffs' Petition contains nothing more than conclusory statements alleging that Capital One is culpable without pleading any facts demonstrating how Capital One alleged actions result in liability. They should be dismissed.[2]

### A. The documents attached to the Petition contradict Plaintiffs' claims

Exhibits attached to the Petition may be considered "for all purposes" -- including in deciding a Rule 12 Motion to Dismiss. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). "If an exhibit attached to the complaint contradicts an allegation in the complaint, the exhibit controls." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 611 F.Supp.2d 654, 661 (S.D. Tex. 2009) (citing *Riley*, 355 F.3d at 377).

Exhibit D to the Petition demonstrates that the information on the Plaintiffs' credit report is accurate even under the Plaintiffs' facts and contradicts their claim that the report reflects incorrect information. Specifically, the page of the Exhibit marked "Page 15 of 16" contains an

---

[2] Capital One recognizes that, upon dismissal of the Plaintiffs' federal claim, this court has discretion whether to reach the pendent state law claims under this court's supplemental jurisdiction. *See, e.g., Meroney v. Pharia, LLC*, No. 4:09-CV-364, 2009 U.S. Dist. LEXIS 97348, at *10-12 (N.D. Tex. Oct. 19, 2009) (McBryde, J.). Because there are common issues of law or fact underlying the Plaintiffs' claims, Capital One asks this court to exercise its discretion to address each of the claims in deciding this Motion to Dismiss. Additionally, although Capital One believes Plaintiffs cannot replead their Petition to overcome the limitations issues or the pleading deficiencies addressed in this Motion, Capital One believes resolution of both the Plaintiffs' federal and state law claims at this time will facilitate the ultimate resolution of this matter regardless whether Plaintiffs are granted leave to replead.

entry for "Cap One" -- Capital One.  Underneath the notation for "Cap One" the report states "SETTLEMENT ACCEPTED ON THIS ACCOUNT" and "PAID ACCOUNT/ZERO BALANCE."  This rebuts the allegations in paragraphs 10 and 11 that Capital One is "reporting the account as past due to the major credit reporting bureaus."  Because the Exhibit to Plaintiffs' Petition directly contradicts it, Capital One asks this court to dismiss the Petition because the allegations are unsupported by the Plaintiffs' own exhibits.

B.   Capital One is not subject to the FDCPA

To the extent that Plaintiffs contend that Capital One was the entity responsible for reporting the Plaintiffs' debt to the credit bureaus, it cannot be held liable for FDCPA violations because it is not a third-party debt collector.  A creditor is ordinarily not subject to the FDCPA when attempting to collect its own debt.  *See* 15 U.S.C. 1692a(6); *see also Patterson v. Sierra Pac. Mortgage Co., Inc.*, No. 3:07-CV-1601-G, 2008 U.S. Dist. LEXIS 50157, at *13-14 (N.D. Tex. July 1, 2008) (Fish, J.) ("Even if the court assumes *arguendo* that Patterson's allegations are true, Fremont -- as lender -- is not a debt collector as defined by the FCPA[.]").  Additionally, the exhibits to Plaintiffs' Petition clearly show that Plaintiffs' communications concerning the debt were made to a third party, AllianceOne Receivables Management Inc. ("AllianceOne"), and not to Capital One.  *See* Petition Exhibits A, B, and C.  Accordingly, Capital One cannot be liable under the FDCPA because it is not a third-party debt collector under the FDCPA and, to the extent Plaintiffs' allegations concern the actions of the third-party with whom they communicated, liability does not rest with Capital One.

Additionally, Plaintiffs' allegations concerning Capital One are sparse and conclusory, and fail to meet the relevant pleading standard set out by the Supreme Court.  The only statement in the Petition describing how Capital One engaged in unfair or improper collection efforts is

that it allegedly reported the account as past due to the major credit bureaus. *See* Petition ¶ 11. For instance, Plaintiffs' statement of their cause of action under the FDCPA does little more than recite Plaintiffs' interpretation of various provisions of the FDCPA then make the wholly unilluminating statement that "[t]he Defendant, by and through its employees or agents, have violated, by act or omission, provisions of the FDCPA, 15 U.S.C.A. § 1692a-1692o; 15 U.S.C.A. 1692a; and/or 15 U.S.C.A. § 1692k." This is insufficient under *Twombly*. *See, e.g., Hargrove v. WMC Mortgage Corp.*, No. 07-2468, 2008 U.S. Dist. LEXIS 67727, at *7-8 (S.D. Tex. Aug. 29, 2008) ("[A]fter having opportunities to replead, Plaintiffs provide nothing more than a formulaic recitation of § 1692(e)'s proscription that a debt collector not employ 'false, deceptive, and misleading representation[s]' and § 1692(f)'s proscription against 'unfair and unconscionable means' to collect a debt . . . . No facts are alleged under either subsection, however, 'to raise a right to relief above the speculative level.'") (citing *Twombly*, 550 U.S. at 556). Nowhere do Plaintiffs describe how Capital One's actions rise to the level of "conduct which is intended to harass, oppress, or abuse any person in connection with the collection of a debt," *see* Petition ¶ 13, or that Capital One used "any 'unfair or unconscionable means' to collect or attempt to collect a debt," *see* Petition ¶ 16.

        C.      Plaintiffs' breach of contract claim is similarly insufficient

Plaintiffs' allegations concerning breach of contract are also infirm because they fail to define the terms of the parties' contract or how Capital One allegedly breached it. This court is no doubt familiar with the elements of a breach of contract claim under Texas law, requiring the existence of a valid contract and a breach by the defendant. *See, e.g., Winchek v. Am. Exp. Travel Related Svcs. Co.*, 232 S.W.3d 197, 202 (Tex. App. -- Houston [1st Dist.] 2002, no pet.).

Plaintiffs fail to state exactly what the terms of the contract were between the parties and how Capital One failed to perform.  S*ee generally* Petition ¶ 24.

For one, Plaintiffs allege a contract with Capital One, but the documents attached to the Exhibit demonstrate that payment was made to a third party, AllianceOne.  Assuming *arguendo* that Plaintiff has stated sufficient facts in paragraphs 7-9 of the Petition to allege the terms of a contract between Plaintiffs and Capital One, all Plaintiffs plead is that they negotiated a check as payment in full on the Account and that Capital One was to accept said check as payment in full.  There are no other stated terms of the parties supposed contract, and Plaintiffs are not alleging that Capital One is holding Plaintiffs responsible for some additional or other sum of money in connection with the Account.  More specifically, Plaintiffs are not alleging that the alleged contract required Capital One to take any action regarding the Plaintiffs' credit report.  Because Plaintiffs have not plead the terms of a valid contract between Plaintiffs and Capital One or that any breach occurred, this claim must similarly be dismissed.

## CONCLUSION

Because Capital One Bank (USA), N.A. was not served with process, this matter must be dismissed pursuant to Rules 12(b)(4) and (5).  Additionally, because Plaintiffs' claims are barred under the applicable statute of limitations, are contradicted by the documents attached to the Petition, and the Petition otherwise fails to state a claim, this cause is ripe for dismissal.

Respectfully submitted,

/s/ Ryan L. Nelson
Steven T. Holmes
State Bar No. 00794918
sholmes@hunton.com
Ryan L. Nelson
State Bar No. 24037169
rnelson@hunton.com

HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979 - 3000
(214) 880 - 0011 Fax

ATTORNEYS FOR DEFENDANT
CAPITAL ONE BANK (USA), N.A.

## CERTIFICATE OF SERVICE

On December 14, 2009, a true and correct copy of the foregoing was served by United States Certified Mail, return receipt requested, upon the following:

David Hall
THE HALL LAW FIRM
PO Box 168
Sweetwater, Texas 79556
(325) 235-4345
(325) 235-4348 (fax)

/s/ Ryan L. Nelson
Ryan L. Nelson